Harjinder SINGH, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 98–70387.
I & NS No. A73–799–472.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2001.

Argued Feb. 11, 2000.

Decided Feb. 13, 2001.

Before PREGERSON, FERGUSON,
and WARDLAW, Circuit Judges.

ORDER

The stay on submission is vacated. This
case is ordered submitted on February 9,
2001.

## MEMORANDUM *

Petitioner Harjinder Singh ("Singh"), a native and citizen of India, petitions for review of a Board of Immigration Appeals ("BIA") order that dismissed his appeal of the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. §§ 1158(a), 1253(h) (repealed 1996). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Singh's petition. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our decision.

■ We apply the "substantial evidence test" in our review of the factual findings underlying the BIA's decision. *See Salaam v. INS,* 229 F.3d 1234, 1237–38 (9th Cir.2000). This standard of review requires us to find such facts "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Salaam,* 229 F.3d at 1240. Additionally, 8 U.S.C. § 1252(b)(4)(C) provides that a "decision that an alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law." Because the BIA conducted a de novo review of the IJ's decision, we apply these standards in our review of the BIA's order. *See Ladha v. INS,* 215 F.3d 889, 895 (9th Cir.2000).

■ INA § 208(a) gives the Attorney General the discretion to grant political asylum to any alien that the Attorney General determines to be a "refugee" within the meaning of section 101(a)(42)(A) of the INA, 8 U.S.C. § 1101(a)(42)(A). *See* 8 U.S.C. § 1158; *Ghaly v. INS,* 58 F.3d 1425, 1428 (9th Cir.1995). Section 101(a)(42)(A) defines a refugee as an alien unwilling to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To establish a well-founded fear of persecution, Singh must demonstrate both an objectively reasonable and subjectively genuine fear. *Duarte de Guinac v. INS,* 179 F.3d 1156, 1159 (9th Cir.1999); *Marcu v. INS,* 147 F.3d 1078, 1081 (9th Cir.1998). The subjective component can be satisfied if the applicant "credibly testifies that he genuinely fears persecution." *Duarte de Guinac,* 179 F.3d at 1159. The IJ and BIA both found that Singh had satisfied this requirement. We agree.

■ The objective component for asylum can be satisfied in two ways: 1) by proving past persecution, or 2) by showing "good reason to fear future persecution by adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Id.* If the applicant proves past persecution, a rebuttable presumption of a well-founded fear of future persecution exists under 8 C.F.R. § 208.16(b)(2), and the "burden shifts to the INS to show by a preponderance of the evidence that country conditions have changed to such an extent that the petitioner no longer has a well founded fear that he would be persecuted if he were to return." *Id.* (citing 8 C.F.R. § 208.13(b)(1)(i); *see Reyes–Guerrero v. INS,* 192 F.3d 1241, 1244 (9th Cir.1999) (stating that the evidence must show "'that persecution is a reasonable

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

possibility'" (quoting *Meza–Manay v. INS*, 139 F.3d 759, 763 (9th Cir.1998)).

 The BIA determined that Singh established past persecution based on imputed political opinion. The BIA, nevertheless, dismissed Singh's appeal, ruling that the INS rebutted the presumption of a well-founded fear of persecution because conditions in India had changed since Singh's departure. Although the BIA found Singh's testimony to be credible, relying upon the 1996 State Department Country Report for India and an addendum to that report issued in 1997, the BIA concluded that Singh's fear of persecution was undercut by the facts that human rights abuses by the Punjab police had ceased since September 1995, and that the Sikh particularist party won the 1997 Punjab election. The record otherwise lacked "credible, direct, and specific evidence" that would have supported a "reasonable fear of persecution." *Duarte de Guinac*, 179 F.3d at 1159; *see Marcu*, 147 F.3d at 1081. Therefore, we cannot say the evidence compels us to conclude contrary to the BIA, and we deny Singh's petition for asylum.

Because Singh has failed to satisfy the lesser standard of proof to establish eligibility for asylum, he necessarily failed to satisfy the more rigorous standard for withholding of deportation. *Fisher v. INS*, 79 F.3d 955, 965 (9th Cir.1996). Thus, we also deny Singh's petition with respect to his withholding of deportation claims.

DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).